# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 2:12-CR-00236-APG-GWF |
| Plaintiff, | |
| vs. | |
| VINAY BARARIA, | |
| Defendant. | |

## ORDER

Before the Court is Defendant Vinay Bararia's Appeal from U.S. Magistrate Judge's March 12, 2013 Order Denying Defendant's Motion to Reopen Detention Hearing and for Reconsideration of Detention Pending Trial and Request for Hearing (Doc. #82), filed on March 26, 2013. The Government filed an Opposition (Doc. #88) on April 5, 2013.

**I. BACKGROUND**

Defendant Vinay Bararia was charged in a March 2, 2012 Complaint (Doc. #1) with conspiracy to distribute a controlled substance in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), 846. The charges are based on a series of controlled buys during which Defendant is alleged to have sold hydrocodone and oxycodone pills to an undercover officer. Defendant was arrested and made his initial appearance on March 2, 2012. (Mins. of Proceedings (Doc. #3).) Defendant

was released with conditions, including that he not violate any federal, state, or local law while on release; comply with any sanctions or restrictions imposed by the Nevada State Board of Medical Examiners and/or Nevada State Board of Pharmacy; and surrender his DEA certificate of registration. (Order Setting Conditions of Release (Doc. #5).) Additionally, he was prohibited from "ordering, possessing, dispensing or prescribing any controlled substances." (Id.)

On May 2, 2012, the Government petitioned for revocation of Defendant's pretrial release because Defendant wrote orders for controlled substances for patients at the hospital where he worked. (Pet. for Action on Conditions of Pretrial Release (Doc. #13).) Defendant was rearrested and made his initial appearance on the revocation petition on May 4, 2012. (Mins of Proceedings (Doc. #19).) Defendant was detained pending a supervised release revocation hearing. (Id.)

At the revocation hearing on May 16, 2012, Defendant asserted he did not understand that the conditions of his release prohibited him from ordering medications for his patients while performing his rounds at the hospital. The Magistrate Judge found the condition that Defendant not order or prescribe any controlled substance was unambiguous, and the Government had presented clear and convincing evidence Defendant had violated this condition. (Tr. (Doc. #37) at 158.) The Magistrate Judge also recognized that based on the seriousness of the charges Defendant faces, a presumption applies that he is a danger to the community and should be detained. (Id. at 159.) However, the Magistrate Judge noted that it was possible Defendant was confused about the scope of the conditions of his release. (Id. at 159-60.)

Despite the presumption, the Magistrate Judge did not find Defendant a flight risk or a danger to the community, and released Defendant pending trial with all previous conditions as well as new conditions, including global positioning satellite monitoring and that Defendant report all new employment of any kind to Pretrial Services. (Order Setting Conditions of Release (Doc. #24).) The Magistrate Judge made clear that Defendant was not to order or prescribe any controlled substance under any circumstances. (Tr. (Doc. #37) at 161 ("You are

prohibited from ordering, possessing, dispensing, or prescribing any controlled substances . . . period.").)

Defendant was indicted on June 26, 2012, with conspiracy to distribute a controlled substance in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) and 846; five counts of distribution of a controlled substance in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 18 U.S.C. § 2; and one count of possession with intent to distribute a controlled substance in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) and 18 U.S.C. § 2. (Indictment (Doc. #28).) Defendant pled not guilty to the charges. (Mins. of Proceedings (Doc. #32).) The Nevada Board of Medical Examiners summarily suspended Defendant's license to practice medicine on July 24, 2012. (Gov't's Opp'n to Def.'s Appeal of Magistrate Judge's Order Denying Def.'s Mot. to Reopen (Doc. #88), Ex. 2.)

On October 12, 2012, the Government petitioned for revocation of Defendant's pretrial release based on allegations that Defendant again had prescribed controlled substances. (Pet. for Action on Conditions of Pretrial Release (Doc. #41).) Defendant was rearrested and detained pending a revocation hearing. (Mins. of Proceedings (Doc. #46).)

The Magistrate Judge held a revocation hearing on October 25, 2012, during which he received evidence regarding the alleged violations. (Mins. of Proceedings (Doc. #50).) The Government presented evidence that Defendant filled out two prescriptions for controlled substances on May 17, 2012, the day after Defendant's prior revocation hearing. (Order (Doc. #54) at 3.) A Las Vegas Metropolitan Police Department detective spoke to the patients to whom these medications were prescribed, and the patients confirmed Defendant wrote the prescriptions. (Id.) One of these patients indicated that Defendant injected him with a controlled substance in June and July 2012. (Id. at 3-4.)

The Government also presented evidence that Defendant prescribed his patients controlled substances using two other doctors' names. (Id. at 4-5.) Specifically, one of Defendant's patients was prescribed medication containing a controlled substance under Dr. Goldsmith's name, but Dr. Goldsmith denied attending to the patient or prescribing the

3

medication. (Id. at 4.) An investigator with the Nevada Board of Medical Examiners testified that he noticed Defendant attempted to prescribe a controlled substance for one of his patients that later was prescribed by Dr. Goldsmith. (Id. at 4-5.) The investigator contacted Dr. Goldsmith's office, and Dr. Goldsmith's staff confirmed Dr. Goldsmith did not treat the patient. (Id. at 5.) The investigator spoke with the patient who indicated he had seen Defendant in July 2012, and Defendant called in refills for him on July 12, 2012 and October 4, 2012. (Id.)

Another patient obtained a prescription for a controlled substance from Defendant, with refills from a different doctor. (Id. at 4.) The patient obtained a refill on July 10, 2012 under Dr. Mashood's name, but Dr. Mashood denied attending to the patient or prescribing the medication. (Id.) The patient confirmed Defendant was his doctor and Defendant was the only physician who had prescribed that medication to him. (Id.)

Defendant conceded he violated the conditions of release by prescribing and injecting testosterone, a controlled substance, but denied that he was aware testosterone was a controlled substance. (Id. at 5.) Defendant denied he used other doctors' names without their permission to prescribe controlled substances to his patients. (Id.) Defendant argued that even though he violated the conditions of release, he nevertheless is not a flight risk or danger to the community, and should be released pending trial so he could sell his medical practice and spend time with his family. (Id.)

The Magistrate Judge noted that although Defendant initially was released under 18 U.S.C. § 3142, Defendant was facing revocation under 18 U.S.C. § 3148, and that involved different standards. (Id.) Under § 3148, the Magistrate Judge found probable cause to believe Defendant violated 21 U.S.C. § 841(a)(1) while on release, specifically by admittedly prescribing controlled substances after he had surrendered his DEA certificate of registration. (Id. at 7-10.) The Magistrate Judge rejected Defendant's proffered excuse that he did not know testosterone was a controlled substance in light of the fact that Defendant prescribed this substance the day after Defendant's prior revocation hearing, during which the Magistrate Judge made it clear to Defendant that he could not prescribe any controlled substance under any circumstances. (Id. at

4

10.) The Magistrate Judge also concluded that sufficient evidence supported a probable cause finding that Defendant used Dr. Goldmith's and Dr. Mashood's names to unlawfully prescribe controlled substances. (Id. at 9-10.) Consequently, a rebuttable presumption arose that Defendant was a danger to the community, and the Magistrate Judge found Defendant failed to rebut that presumption. (Id. at 10.)

The Magistrate Judge also concluded that revocation was appropriate because Defendant was unlikely to comply with any condition or combination of conditions that would ensure he was not a danger to the community. (Id. at 11.) Specifically, the Magistrate Judge noted that despite his clear instructions at the May 16, 2012 revocation hearing, Defendant violated the conditions the very next day, and continued to violate the conditions of release throughout the next few months. (Id.) The Magistrate Judge therefore ordered Defendant detained pending trial. (Id.)

Defendant thereafter moved to reopen his detention hearing before the Magistrate Judge, arguing new and material evidence supported pretrial release. (Mot. to Reopen Detention Hrg. (Doc. #55).) Specifically, Defendant asserted he no longer had a medical practice or was seeing patients, and he authorized his counsel to surrender irrevocably his medical license. Defendant argued that because he no longer would be able to see patients or prescribe medication, he no longer was a danger to the community and should be released on house arrest pending trial. Defendant also argued that temporary release pending trial was necessary to permit him to prepare for trial due to the voluminous intercepted conversations in which Defendant is a participant, and thus only Defendant can provide context for the conversations. The Government opposed release.

On March 12, 2013, the Magistrate Judge denied Defendant's motion. (Order (Doc. #72).) As an initial matter, the Magistrate Judge concluded that a defendant whose pretrial release is revoked under § 3148 cannot reopen a detention hearing under 18 U.S.C. § 3142(f) because Defendant was not detained under § 3142 and different standards apply under the two sections. The Magistrate Judge further concluded that even if a hearing under § 3142(f) were

5

appropriate, Defendant had not presented new material evidence bearing on the issue of the propriety of pretrial detention because Defendant has known from the outset of his initial release that he was not authorized to dispense controlled substances. The Magistrate Judge also rejected Defendant's motion to the extent it was a motion to reconsider the Magistrate Judge's prior finding that Defendant was a danger to the community and would fail to abide by any conditions of release because Defendant's offer to "surrender his medical license is obviously a self-serving attempt to circumvent this finding in hopes of washing away [Defendant's] prior violations of his release conditions." (Id. at 7.) Finally, the Magistrate Judge rejected Defendant's request for temporary release to permit trial preparation because although trial preparation would be made more difficult by Defendant's incarceration, the case was noncomplex and inconvenience was not a sufficient justification for release.

Defendant now appeals the Magistrate Judge's March 12, 2013 Order, arguing that because the purpose of pretrial detention is regulatory, rather than punitive, whether detention is appropriate always should be subject to reconsideration, whether the detention is ordered under § 3142 or § 3148. Defendant contends the Magistrate Judge erred by failing to recognize that Defendant's surrender of his medical license and closure of his medical practice constituted new and material evidence which rebutted the presumption that he would be a danger to the community and negated the risk he would continue to violate the condition of not prescribing controlled substances. Second, Defendant argues the Magistrate Judge failed to acknowledge that the Government did not oppose Defendant's arguments that he is not a flight risk or danger to the community. Finally, Defendant argues the Magistrate Judge failed to properly account for the impact on Defendant's Sixth Amendment rights resulting from difficulties in his ability to assist counsel in preparation for trial while he is detained.

The Government responds that Defendant has not provided authority in support of his contention that he can reopen his detention hearing under § 3142 when he was detained under § 3148 for committing a crime while on pretrial release. The Government further responds that Defendant's promise to permanently surrender his medical license is not new material

6

information because when Defendant previously had appeared before the Magistrate Judge, he was practicing medicine and prescribing controlled substances even though it was illegal for him to do so. Consequently, his promise to cease these activities upon surrender of his medical license was not new information. The Government also contends Defendant was subject to two presumptions favoring detention because he is charged with a controlled substance offense and he committed a crime while on pretrial release. The Government denies it conceded Defendant was not a flight risk or threat to public safety, and that the Magistrate Judge properly found Defendant prescribed controlled substances using other doctors' names and thus committed new crimes. Finally, the Government notes that the detention facility has the means for Defendant to meaningfully assist his counsel in trial preparation and therefore pretrial release is not warranted.

## II. DISCUSSION

### A. Motion to Reopen Detention Hearing

A defendant may move the district court judge to revoke or amend a pretrial detention order issued by a magistrate judge. 18 U.S.C. § 3145(b). The district judge reviews the magistrate judge's detention order *de novo*, without deference to the magistrate judge's factual findings. United States v. Koenig, 912 F.2d 1190, 1191-92 (9th Cir. 1990). The district judge reviews the evidence presented to the magistrate judge and makes "its own independent determination whether the magistrate [judge's] findings are correct, with no deference" to either the magistrate judge's factual findings or ultimate conclusion regarding the propriety of detention. Id. at 1192-93. The district judge may, but need not, hold an evidentiary hearing to make this determination. Id.

A detention hearing may be reopened "at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f). The parties dispute whether Defendant can reopen his detention hearing under § 3142(f) when he was detained under § 3148. The Court need not

resolve this issue because even if resort to § 3142(f) is appropriate, Defendant has not presented new information that has a material bearing on whether there are conditions of release that will reasonably assure the safety of any other person and the community.

Defendant's newly proffered evidence that he sold his medical practice and has authorized his counsel to voluntarily surrender his medical license is not new material information bearing on the detention question. While the evidence technically is new, substantively it is of little significance because Defendant could not lawfully prescribe controlled substances from the inception of this case, when Defendant surrendered his DEA certificate of registration. Further, by the time Defendant offered the new evidence, Defendant could not lawfully practice medicine because the Nevada Board of Medical Examiners had summarily suspended his license. Defendant thus already could not prescribe controlled substances or practice medicine, both by law and by the Court's conditions of release, when Defendant offered his new evidence.

Defendant's new evidence does not have a material bearing on the detention question in light of the applicable presumptions and the evidence regarding Defendant's inability to comply with the law and the conditions of his release. Defendant labors under two different presumptions that no condition or combination of conditions can reasonably assure the safety of the community. First Defendant faces the presumption he has since the inception of the case under § 3142(e)(3), based on the nature of the charges against him. Second, Defendant faces the presumption under § 3148(a) due to his commission of a crime while on release. In addition to the statutory presumptions, Defendant continued to prescribe controlled substances even after he surrendered his DEA certificate of registration, leading to his first revocation hearing. The Magistrate Judge then clarified that Defendant cannot prescribe controlled substances under any circumstances. Yet the day after the revocation hearing, Defendant again admittedly violated the law and the conditions of his release by prescribing controlled substances. Defendant continued to violate the law and the conditions of his release by further prescribing controlled substances over the next few months. One refill was prescribed after Defendant's license had been

summarily suspended, again violating the law and violating another separate condition of his release to abide by the determinations of the Nevada Board of Medical Examiners.

The Court does not credit Defendant's position that his violations were merely "technical" or inadvertent because he did not know testosterone was a controlled substance. First, under *de novo* review, the Court finds probable cause that Defendant committed violations beyond those he conceded. Moreover, Defendant attended a revocation hearing the day before he prescribed controlled substances during which it was discussed that Defendant previously had prescribed medications which he claimed not to know were scheduled substances. (Tr. (Doc. #37) at 100-01, 122-23.) Defendant's contention that he unwittingly prescribed a controlled substance the very next day is not credible.

In sum, Defendant has shown a persistent unwillingness to abide by the law and by the Court's release conditions. Defendant's contention that it is now impossible for him to prescribe controlled substances is belied by Defendant's demonstrated willingness to violate the law and the conditions of his release regardless of any conditions or restrictions imposed by the Nevada Board of Medical Examiners, this Court, or the law. Consequently, Defendant's newly proffered evidence does not have a material bearing on the detention question and the Court will not reopen the detention hearing on this basis.

Additionally, the Court rejects Defendant's argument that the Magistrate Judge failed to acknowledge the Government did not argue Defendant was a flight risk or a danger to the community. Defendant's contention is without merit, as the Government argued in opposition to the motion to reopen that Defendant "is, and will continue to be, a danger to the community and a risk of nonappearance." (Gov't's Resp. to Def.'s Mot. to Re-Open the Issue of Pretrial Detention (Doc. #56) at 3; see also id. at 4-5.) The Court therefore will deny Defendant's appeal to the extent he seeks to reopen the detention hearing.

### B. Motion for Temporary Release Pending Trial

Pursuant to 18 U.S.C. § 3142(i), a judicial officer may permit the temporary release of a person detained pending trial "to the extent that the judicial officer determines such release to be

necessary for preparation of the person's defense or for another compelling reason." Defendant has not established his release is necessary for the preparation of his defense. The case is noncomplex and Defendant has shown only that trial preparation may be more costly and time consuming due to his incarceration. Defendant has not shown his release is necessary for trial preparation or that his Sixth Amendment rights are implicated by his detention. The Court therefore will deny Defendant's appeal to the extent he seeks temporary release.

## III. CONCLUSION

IT IS THEREFORE ORDERED that Defendant Vinay Bararia's Appeal from U.S. Magistrate Judge's March 12, 2013 Order Denying Defendant's Motion to Reopen Detention Hearing and for Reconsideration of Detention Pending Trial and Request for Hearing (Doc. #82) is hereby DENIED. The Magistrate Judge's decision reflected in the March 12, 2013 Order (Doc. #72) is hereby AFFIRMED.

DATED this 7th day of May, 2013.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE