# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>vs.<br><br>VINAY BARARIA,<br><br>   Defendant. | Case No.:2:12-cr-00236-JAD-GWF<br><br>**Order Denying Defendant's Motion for Revocation of Magistrate Judge's Detention Order (#140)** |

This is the fourth in a series of orders[1] addressing Defendant Vinay Bararia's persistent challenges to his detention after having his pretrial release revoked in November 2012.

Dr. Bararia, a physician, was indicted in June 2012 for conspiracy to distribute a controlled substance and five counts of distribution stemming from a number of controlled buys during which he is alleged to have sold hydrocodone and oxycodone pills to an undercover officer. Although he was granted a pretrial release *inter alia* on the condition that he not order, possess, dispense, or prescribe any controlled substances, Doc. 5, Defendant Bararia soon violated that condition and found himself the subject of a revocation petition. Doc. 13. The Magistrate Judge gave him a second chance to comply

---

[1] *See* Docs. 72, 101, 133.

with the release conditions, Doc. 24; Doc. 37 at 161, but Dr. Bararia continued to prescribe controlled substances the very next day—and because his DEA credentials had been surrendered, he did so impermissibly using other doctors' names. Doc. 54. Upon the government's second motion and live evidence at the revocation hearing in October 2012, the Magistrate Judge concluded that Bararia is a danger to the community and has demonstrated that there is no set of release conditions that he will comply with that will guaranty the safety of the community, and his release was revoked. *Id*. at 9-11.

Defendant challenged that detention order with an unsuccessful December 2012 motion to reopen and reconsider the detention pending trial (Doc. 55), followed by an unsuccessful appeal of the Magistrate Judge's denial of that motion. Docs. 72, 82, 101. He filed a second motion to reopen the detention hearing in April (Doc. 95) and was granted leave to supplement that request with a medical evaluation from a privately retained physician opining that Dr. Bararia suffers from a previously undiagnosed medical condition that requires an aggressive, long-term, one-on-one treatment plan that cannot be implemented in the federal detention center. Docs. 95, 96, 99, 133. The Magistrate Judge found, however, that "Bararia has shown a persistent unwillingness to abide by the Court's release conditions, a demonstrated willingness to violate the law, and a callous disregard for this Court's orders," and the "new medical information has no material bearing on the matter of detention, conditions of release, or findings made on revocation because it does not excuse his prior conduct while on release or the findings made on revocation." Doc. 133 at 7.

Defendant now moves for revocation[2] of this order with an "objection." Doc. 140.

---

[2]While Defendant styled his filing as an "objection," Doc. 140, under the flush language in 28 U.S.C. § 636(b)(1), it is more properly framed as a motion for revocation. Objections are a proper response to a magistrate judge's proposed finding and recommendations; the order now challenged by Defendant was not a recommendation but a final order under 28 U.S.C. § 636(b)(1)(A). *Accord*, 18 U.S.C. § 3145(b) (where a party seeks review of a detention order, that person may file "a motion for revocation or amendment of the order"). Therefore, the court

He contends that the Magistrate Judge erroneously relied on statutory presumptions under 18 U.S.C. § 3148 when rejecting his latest argument for release and "thus failed to analyze fully whether Defendant's new information, which the Magistrate Court conceded was new, had a material bearing on whether there exists a condition or combination of conditions that reasonably will assure Defendant's appearance in court and the safety of the community." Doc. 140 at 2. Having performed a comprehensive, de novo review pursuant to 28 U.S.C. § 636(b)(1) and Local Rule IB 3-1, and having thoroughly considered the history of the detention issue in this case and evaluated the underlying papers, Defendant's "objection," the government's response, and Defendant's reply brief, the court affirms the Magistrate Judge's Order (Doc. 133), overrules the "objection" and denies Defendant's Motion (Doc. 140).

## Discussion

**A.    Defendant Mischaracterizes the Magistrate Judge's Ruling.**

To begin with, the court finds Defendant's characterization of the Magistrate Judge's ruling unsupportable. The Magistrate Judge did not rely on statutory presumptions and "thus fail[] to analyze fully whether Defendant's new information . . . had a material bearing on whether there exists a condition or combination of conditions that reasonably will assure Defendant's appearance in court and the safety of the community." Doc. 140 at 2. The Magistrate Judge found that presumptions applied, but he "separately" and "alternatively" determined that Defendant "is unlikely to abide by any condition or combination of conditions" that will reasonably assure the safety of the community if he is released. Doc. 133 at 5-6. As the Magistrate Judge summarized, Bararia's "pretrial release was revoked based on the findings that there was probable cause to believe he committed a criminal offense while on release, that there was clear

---

treats and refers to Defendant's "objection" as a motion for revocation under § 3145(b).

and convincing evidence he had violated his conditions of release, **and,** pursuant to section 3148(b)(2)(B), that he is unlikely to abide by any condition or combination of conditions." *Id*. at 6-7 (emphasis added).  Each of these bases was considered separately and in the "disjunctive." *Id*. at 5-6.

The Magistrate Judge also carefully and independently considered the impact—or lack thereof—of the new medical information on the detention analysis:

> As the record demonstrates, Bararia has shown a persistent unwillingness to abide by the Court's release conditions, a demonstrated willingness to violate the law, and a callous disregard for this Court's orders. The new medical information has no material bearing on the matter of detention, conditions of release, or findings made on revocation because it does not excuse his prior conduct while on release or the findings made on revocation.

*Id*. at 7; *see also id.* at 5 ("This Court has twice held . . . that, based on his callous and persistent disregard for this Court's orders plus his willingness to violate the law and his prior conditions of release, Bararia is unlikely to abide by any condition or combinations of conditions.  The new medical diagnosis does not absolve Bararia from his prior behavior or preclude it from consideration.") (internal citations omitted).  This determination is unburdened by any presumption, squarely undermining Dr. Bararia's assertion that "the dispute centers on whether [he] has offered enough evidence to rebut the presumption that no condition or combination of conditions can provide this Court with the necessary assurance that he poses no danger."  Doc. 140 at 5.

The Magistrate Judge further considered—and rejected—Defendant's contentions that "his Sixth Amendment rights will be implicated if he is not immediately released to pursue treatment in the manner set forth by his privately retained physician," and that "Bararia's newly diagnosed health condition requires an aggressive, comprehensive treatment plan that cannot be implemented while he is detained."  *Id*.  Thus, the lynchpin of Defendant's objection—that the Magistrate Judge "failed to analyze fully whether" the

new medical information "had a material bearing on whether there exists a condition or combination of conditions that reasonably will assure . . . the safety of the community"—is unsound.

**B.   Defendant's New Medical Diagnosis Has No Material Bearing on the Release Determination.**

Even if the Magistrate Judge relied on statutory presumptions as *a* reason for denying Bararia's request to reopen the detention hearing, the decision to deny that motion was proper because the opinion from this privately retained doctor that Defendant can only get the medical treatment he prescribes if Bararia is released has no bearing on the salient inquiry: whether there are conditions of release that will reasonably assure the safety of the community in light of Bararia's "demonstrated willingness to violate the law" and "callous disregard for this Court's orders." Doc. 133 at 7.

Although the district court's review of a magistrate's detention order is de novo, "the district court is not required to start over in every case and proceed as if the magistrate's decision and findings did not exist." *United States v. Koenig*, 912 F.2d 1190, 1192-93 (9th Cir. 1990). Instead, the district court "should review the evidence before the magistrate and make its own independent determination whether the magistrate's findings are correct, with no deference." *Koenig*, 912 F.2d at 1193. The court may reopen the detention hearing any time before trial "if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f)(2). "New and material information for Section 3142(f)(2)(B) purposes consists of something other than a defendant's own evaluation of his character or the strength of the case against him: truly changed circumstances, something unexpected, or a significant event." *U.S. v. Jerdine,* 2009 WL

4906564, at *3 (N.D .Ohio Dec. 18, 2009) (citation omitted); *United States v. Rodriquez-Adorno*, 606 F.Supp.2d 232, 239 (D.P.R.2009).

Defendant Bararia is detained because he demonstrated himself unlikely to abide by any conditions or combination of conditions of release:

> [D]espite specific and direct guidance from the Court, [Defendant] violated the terms of his pretrial release just one day after his first revocation hearing. It appears this conduct continued over the course of several months. Having shown such callous disregard for this court's prior order, the undersigned can only conclude that any other conditions would be treated with the same disregard. [Defendant] has determined at every turn to push and exceed the limits of this Court's orders.

Doc. 54 at 11. The newly proffered medical opinion has no bearing—let alone a "material" one—on whether Bararia could or would comply with release conditions that ensure the safety of the community pending trial. The opinion's message is not compliance or conditions;[3] its thrust is that Defendant will have a better chance of obtaining the prescribed course of treatment from this private physician if he is released. As Defendant summarizes, "Dr. Roitman's reports are clear: . . . Defendant faces a continuous risk of serious harm if his initial treatment is mismanaged due to the challenging nature of his disease." Doc. 140 at 6. But this report offers the court nothing on which to reassess the community-safety issue. If anything, by emphasizing the Defendant's need for comprehensive, regularly adjusted treatment that, if not closely monitored and frequently reevaluated, may exacerbate his condition, the doctor's opinions cast further doubt on Defendant's likelihood of compliance with any release conditions. Accordingly, after independent analysis, the court agrees with the Magistrate Judge's finding that the Defendant's new medical information has no material bearing on the

---

[3] Defendant's contention that Dr. Roitman's report "*explain*[s] these violations, and why, with proper treatment, the Court can be assured of no further violations" is not supported by a citation to any specific page in the report, and the court does not read the report (Doc. 96) to contain any such assurance.

matter of detention, conditions of release, or findings made on revocation, and his "Objection" should be overruled and his motion to revoke the detention order must be denied.

## Conclusion

Based on the foregoing and for good cause appearing, **IT IS ORDERED** that Defendant's Motion for Revocation of the Magistrate Judge's Detention Order (Doc. 140) is hereby **DENIED**.

Dated this 5th day of December, 2013.

_____
Jennifer A. Dorsey
United States District Court Judge