DANIEL G. BOGDEN
United States Attorney
Nevada State Bar No. 2137
DANIEL D. HOLLINGSWORTH
Assistant United States Attorney
Nevada State Bar No. 1925
Lloyd D. George United States Courthouse
333 Las Vegas Boulevard South, Suite 5000
Las Vegas, Nevada 89101
Telephone: (702) 388-6336
Facsimile: (702) 388-6787
Email: *daniel.hollingsworth@usdoj.gov*
Counsel for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) 2:12-CR-236-JAD-(GWF) |
| VINAY BARARIA, | ) |
| Defendant. | ) |

**SETTLEMENT AGREEMENT FOR ENTRY OF ORDER OF FORFEITURE AS TO BHAVNA BARARIA AND ORDER**

The United States of America ("United States"), by and through Daniel G. Bogden, United States Attorney for the District of Nevada, and Daniel D. Hollingsworth, Assistant United States Attorney, and BHAVNA BARARIA, and his counsel, Kathleen Bliss of Lewis Brisbois Bisgaard & Smith, LLP, stipulate as follows:

1. On June 26, 2012, the Grand Jury sitting in Las Vegas, Nevada returned a Seven-Count Criminal Indictment against VINAY BARARIA for violations of Title 21, United States Code, Sections 841(a)(1) and 846.

2. On December 19, 2013, VINAY BARARIA pled guilty to Count Two of a Seven-Count Criminal Indictment charging him with Distribution of a Controlled Substance in violation of Title 21, United States Code, Section 841(a)(1), and agreed to the forfeiture of property set forth in the Forfeiture Allegations of the Criminal Indictment.

3. BHAVNA BARARIA knowingly and voluntarily agrees to the abandonment, the civil administrative forfeiture, the civil judicial forfeiture, or the criminal forfeiture of the following property:

    a. $49,054.00 in United States Currency;

    b. 2007 Jaguar XK, Vin # SAJWA43B875B07357;

    c. Glock, .45 caliber, Model 21, serial number FWA258;

    d. any and all ammunition; and

    e. an *in personam* criminal forfeiture money judgment of $40,225.00 in United States Currency

(all of which constitutes "property").

4. BHAVNA BARARIA knowingly and voluntarily agrees to abandon or to forfeit the property to the United States.

5. BHAVNA BARARIA knowingly and voluntarily agrees to relinquish all right, title, and interest in the property.

6. BHAVNA BARARIA knowingly and voluntarily agrees to waive her right to any abandonment proceedings, any civil administrative forfeiture proceedings, any civil judicial forfeiture proceedings, or any criminal forfeiture proceedings ("proceedings") of the property.

7. BHAVNA BARARIA knowingly and voluntarily agrees to waive service of process of any and all documents filed in this action or any proceedings concerning the property.

8. BHAVNA BARARIA knowingly and voluntarily agrees to waive any further notice to her, her agent, or her attorney regarding the forfeiture and disposition of the property.

9. BHAVNA BARARIA knowingly and voluntarily agrees not to file any claim, answer, petition, or other documents in any proceedings concerning the property.

10. BHAVNA BARARIA knowingly and voluntarily agrees to withdraw any claims, answers, counterclaims, petitions, or other documents she filed in any proceedings concerning the property.

11. BHAVNA BARARIA knowingly and voluntarily agrees to waive the statute of limitations, the CAFRA requirements, Fed. R. Crim. P. 7, 11, and 32.2, the constitutional requirements, and the constitutional due process requirements of any abandonment proceeding or any forfeiture proceedings concerning the property.

12. BHAVNA BARARIA knowingly and voluntarily agrees to waive her right to a trial on the forfeiture of the property.

13. BHAVNA BARARIA knowingly and voluntarily agrees to waive (a) all constitutional, legal, and equitable defenses to, (b) any constitutional or statutory double jeopardy defense or claim concerning, and (c) any claim or defense under the Eighth Amendment to the United States Constitution, including, but not limited to, any claim or defense of excessive fines or cruel and unusual punishments in any abandonment proceeding, any civil administrative forfeiture proceeding, any civil judicial forfeiture, or criminal forfeiture proceeding concerning the property.

14. BHAVNA BARARIA knowingly and voluntarily agrees to the entry of an Order of Forfeiture of the property to the United States.

15. BHAVNA BARARIA understands that the forfeiture of the property shall not be treated as satisfaction of any assessment, restitution, fine, cost of imprisonment or any other penalty that may be imposed in addition to forfeiture.

16. BHAVNA BARARIA knowingly and voluntarily agrees to the conditions set forth in this Settlement Agreement for Entry of Order of Forfeiture as to BHAVNA BARARIA, and Order ("Settlement Agreement").

17. BHAVNA BARARIA knowingly and voluntarily agrees to hold harmless the United States, the United States Department of Justice, the United States Attorney's Office for the District of Nevada, the Drug Enforcement Administration, their agencies, their agents, and their employees from any claim made by her or any third party arising from the facts and circumstances of this case.

18. BHAVNA BARARIA knowingly and voluntarily releases and forever discharge the United States, the United States Department of Justice, the United States Attorney's Office for the District of Nevada, the Drug Enforcement Administration, their agencies, their agents, and their employees from any and all claims, rights, or causes of action of any kind that BHAVNA BARARIA now has or may hereafter have on account of, or in any way growing out of, the seizures and the forfeitures of the property in the abandonment, the civil administrative forfeitures, the civil judicial forfeitures, and the criminal forfeitures.

19. Each party acknowledges and warrants that its execution of the Settlement Agreement is free and is voluntary.

20. The Settlement Agreement contains the entire agreement between the parties.

21. Except as expressly stated in the Settlement Agreement, no party, officer, agent, employee, representative, or attorney has made any statement or representation to any other party, person, or entity regarding any fact relied upon in entering into the Settlement Agreement, and no party, officer, agent, employee, representative, or attorney relies on such statement or representation in executing the Settlement Agreement.

22. BHAVNA BARARIA knowingly and voluntarily acknowledges, understands, and agrees that (a) federal law requires the Department of the United States Treasury and other disbursing officials to offset federal payments to collect delinquent tax and non-tax debts owed to the United States and to individual states (including past-due child support); (b) if an offset occurs to the payment to be made pursuant to this agreement, they will receive a notification from the Department of the United States Treasury at the last address provided by them to the governmental agency or entity to whom the offset payment is made; (c) if they believe the payment may be subject to an offset, they may contact the Treasury Department at 1-800-304-3107; (d) the terms of this settlement do not affect the tax obligations fines, penalties, or any other monetary obligations **owed** to the United States or an individual state; and (e) the exact sum delivered to Kathleen Bliss of Lewis Brisbois Bisgaard & Smith, LLP, on behalf of

. . .

her, may well be a lesser sum, if the Treasury Offset Program reduces the amount in satisfaction of a debt obligation.

23. After the property is forfeited in the civil and criminal cases and the United States District Court has signed the Settlement Agreement concerning the property, within a practicable time thereafter for the United States, the United States agrees to release to BHAVNA BARARIA the 2007 Jaguar XK and one payment of $16,830.50 in United States Currency which includes $7,550 in United States Currency; $7,500 in United States Currency; and $1,780.50 in United States Currency less any debt owed to the United States, any agency of the United States, or any debt in which the United States is authorized to collect, through Kathleen Bliss of Lewis Brisbois Bisgaard & Smith, LLP.  BHAVNA BARARIA knowingly and voluntarily agrees to fill out the Department of the United States Treasury Automated Clearing House ("ACH") form accurately and correctly and submit it to the United States Attorney's Office so that the payment of the money can be disbursed by electronic fund transfer.  BHAVNA BARARIA knowingly and voluntarily agrees the $16,830.50 in United States Currency may be offset by any debt owed to the United States, any agency of the United States, or any debt in which the United States is authorized to collect.

24. The persons signing the Settlement Agreement warrant and represent that they have full authority to execute the Settlement Agreement and to bind the persons and/or entities, on whose behalf they are signing, to the terms of the Settlement Agreement.

25. This Settlement Agreement shall be construed and interpreted according to federal forfeiture law and federal common law.  The jurisdiction and the venue for any dispute related to, and/or arising from, this Settlement Agreement is the unofficial Southern Division of the United States District Court for the District of Nevada, located in Las Vegas, Nevada.

26. Each party shall bear her or its own attorneys' fees, expenses, interest, and costs.

27. This Settlement Agreement shall not be construed more strictly against one party than against the other merely by virtue of the fact that it may have been prepared primarily by counsel for one of the

. . .

parties; it being recognized that both parties have contributed substantially and materially to the preparation of this Settlement Agreement.

IT IS HEREBY CERTIFIED, pursuant to 28 U.S.C. § 2465(a)(2), that there was reasonable cause for the seizure and forfeiture of the property.

DATED: 4/4/14

*Amy A. Hanner* #12752 for
KATHLEEN BLISS
LEWIS BRISBOIS BISGAARD & SMITH, LLP
Counsel for BHAVNA BARARIA

DATED: 4/2/14

*Bhavna bararia*
BHAVNA BARARIA

DATED: April 7, 2014

DANIEL G. BOGDEN
United States Attorney

/s/ Daniel D. Hollingsworth
DANIEL D. HOLLINGSWORTH
Assistant United States Attorney

IT IS SO ORDERED:

UNITED STATES DISTRICT JUDGE

DATED: April 7, 2014

one of the parties; it being recognized that both parties have contributed substantially and materially to the preparation of this Settlement Agreement.

IT IS HEREBY CERTIFIED, pursuant to 28 U.S.C. § 2465(a)(2), that there was reasonable cause for the seizure and forfeiture of the property.

DATED: _____

KATHLEEN BLISS
LEWIS BRISBOIS BISGAARD & SMITH, LLP
Counsel for BHAVNA BARARIA

DATED: _____

BHAVNA BARARIA

DATED: April 7, 2014

DANIEL G. BOGDEN
United States Attorney

/s/DANIEL D. HOLLINGSWORTH
DANIEL D. HOLLINGSWORTH
Assistant United States Attorney

IT IS SO ORDERED:

_____
UNITED STATES DISTRICT JUDGE

DATED: _____