# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

VINAY BARARIA,

    Defendant.

Case No.:2:12-cr-00236-JAD-GWF

**Order Granting Motion for Psychiatric Evaluation and Denying Motion to Strike Late-filed Sentencing Memorandum**
**[#199, 203]**

    Defendant Vinay Bararia pled guilty to conspiracy to distribute 500 Hydrocodone pills to an undercover DEA agent in the Centennial Hills Hospital parking lot, and he is awaiting sentencing.[1] Bararia's late-filed sentencing memorandum[2] advises that he intends to seek a downward departure based on his alleged "diminished capacity due to his previously undiagnosed and consequently untreated" bi-polar disorder, based on reports submitted from Drs. Norton Roitman and Latricia Coffey.[3] The Government moves to strike the sentencing

---

[1] Doc. 186.

[2] Counsel for Bararia acknowledges that the memorandum was untimely filed under LCR 32-1(d). Doc. 200 at 2.

[3] Doc. 198 at 2, 11, Exhs. H, I.

memorandum as untimely or alternatively for a continuance of the sentencing hearing to allow the Government sufficient time to respond to the 28-page memorandum;[4] and asks for the opportunity to obtain its own psychiatric evaluation of the defendant to appropriately respond to Bararia's request for a diminished-capacity departure from the sentencing guidelines.[5] Defendant opposes both requests.[6] Having thoroughly considered both motions, the Court grants the Government's motion for a psychiatric evaluation, denies the motion to strike the sentencing memorandum, and continues the sentencing hearing to May 13, 2014, at 1:30 p.m.

## Discussion

### A.  Government's Motion for Psychiatric Evaluation

The Government contends that the only way it can fairly rebut Defendant Bararia's request for a two or more level departure under § 5K2.13 based on his bi-polar disorder at the time of the offense is for this court to order the defendant to submit to a psychiatric evaluation by an appropriate mental health professional at a federal medical center.[7] The Government notes that the defendant has put his mental state at issue by his claim that his "previously undiagnosed condition of bipolar disorder compromised his ability to self-regulate and emboldened him," and he "exhibited symptoms of the manic phase of his condition during his illegal conduct. . . ."[8]

Section 5K2.13 of the United States Sentencing Guidelines recognizes that a downward departure "may be warranted if (1) the defendant committed the offense while suffering from a significantly reduced mental capacity; and (2) the significantly reduced mental capacity contributed substantially to the commission of the offense."[9] The extent of the departure must

---

[4] Doc. 199.

[5] Doc. 203.

[6] Docs. 200, 205, 207.

[7] Doc. 208 at 2.

[8] Doc. 198 at 11; Doc. 203 at 1-2.

[9] U.S.S.G. § 5K2.13.

reflect the extent to which the diminished capacity contributed to the commission of the offense.[10] "Section 5K2.13 addresses both cognitive and volitional mental impairments, whatever their degree."[11] "The goal of the guideline is lenity toward defendants whose ability to make reasoned decisions is impaired."[12]

Few courts have directly addressed the question of whether the government should be permitted the opportunity for a psychiatric evaluation of a defendant who seeks a diminished capacity departure under § 5K2.13, and the Ninth Circuit is not one of them. But in *United States v. Cantu*, the Ninth Circuit panel offered some guidance for district courts presented with a diminished-capacity departure request. The panel noted that "[u]nder U.S.S.G. § 6A1.3(a) . . . the district court must give the parties 'an adequate opportunity' to present information regarding disputed facts," and "the guideline commentary permits the sentencing court to determine the appropriate procedure to resolve contested facts, but requires the sentencing court to tailor its process to 'the nature of the dispute, its relevance to the sentencing determination, and applicable case law.'"[13] "The court's inquiry into the defendant's mental condition and the circumstances of the offense must be undertaken 'with a view to lenity, as section 5K2.13 implicitly recommends."[14]

Although *Cantu* suggests that, because the evidentiary standard at sentencing is preponderance of the evidence, "it is unnecessary" for a defendant claiming a Section 5K2.13 diminished capacity downward adjustment "to undergo a mental health examination *of the type*

---

[10] *Id.*

[11] *United States v. Smith*, 330 F.3d 1209, 1213 (9th Cir. 2003).

[12] *United States v. Cantu*, 12 F.3d 1506, 1512 (9th Cir. 1993).

[13] *Cantu*, 12 F.3d at 1511 (quoting U.S.S.G. § 6A1.3 and its commentary).

[14] *Id.*

*used in determining guilt or innocence*,"[15] this statement only limits the degree and depth of the exam. As the court in *United States v. Adonis* (the source of this statement in *Cantu*) explained when recounting its decision to grant the government's request for a psychiatric and psychological exam of the defendant for evaluating a § 5K2.13 departure motion, "a less comprehensive examination was indicated since the results were to be used in the context of a sentencing hearing, rather than in a trial."[16] Thus, *Cantu*—and its reliance on *Adonis*—supports the notion that the district court has the discretion to allow the government to obtain a psychiatric and psychological exam of the defendant when the defendant is seeking a § 5K2.13 departure.

The Court is persuaded by the reasoning in *United States v. Baisden*, cited by the Government in support of their request.[17] In *Baisden*, the court ordered the defendant to submit to psychiatric examination at a federal medical center after he confirmed he intended to use his psychiatrist's report as mitigating evidence for sentencing purposes.[18] The Court reasoned:

> Defendant intends to use [his expert's] opinion as mitigating evidence for purposes of sentencing. Thus, defendant has elected to put at issue his mental condition at the time of the offenses.
>
> Having made this decision, defendant cannot deprive the Government of the opportunity to explore and address the issue, if it so chooses. Courts have noted that with psychiatric opinion evidence, in particular, "the only effective rebuttal . . . is contradictory opinion testimony." And, indeed, while objecting to the Government's request for a psychiatric examination, the defendant has not explained what other methods, if any, might be available for the Government to address Dr. Davis' opinions.
> . . . .
> Defendant has undergone psychiatric evaluation and intends to present expert opinion evidence concerning his mental health at the time he committed the acts at issue. Fairness dictates that the

---

[15] *Id*. (quoting *United States v. Adonis*, 744 F. Supp. 336, 339 n.11 (D.D.C. 1990)) (emphasis added).

[16] *Adonis*, 744 F. Supp. 336, at (D.D.C. 1990).

[17] Doc. 208 at 2 (citing *United States v. Baisden*, 886 F. Supp. 2d 1088 (N.D. Iowa 2013)).

[18] *Baisden*, 886 F. Supp. 2d at 1089.

>Government be permitted to address that evidence by arranging for its own psychiatric evaluation of defendant. No unfair prejudice will result to defendant if the Government is permitted to proceed with such an evaluation.[19]

Thus, the Court ordered:

>Defendant shall submit to a psychiatric examination by an appropriate mental health professional at the Federal Medical Center in Springfield, Missouri, or such other suitable facility the Government may choose. The examination shall be at the Government's expense and shall be arranged as quickly as is reasonably possible so as to avoid unnecessary delay in the completion of defendant's sentencing. The scope and purpose of the examination shall be limited to addressing the opinions and conclusions contained in the report of [defendant's psychiatrist].[20]

Bararia intends to use the opinions of two of his evaluators and physicians as mitigating evidence for purposes of sentencing, thereby putting at issue his mental condition at the time of his admitted offense. Having made the 5K2.13 argument in his sentencing memorandum and offered psychiatric opinions, Bararia cannot deprive the Government of the fair chance to rebut this proof. Although Bararia suggests that the Government can argue against the departure at sentencing, the Court is of the opinion that allowing this adversary process will help the Court better and more justly carry out its obligations under Rule 32(i)(3)(B) to rule on this controverted issue.[21] U.S.S.G. § 6A1.3(a) also requires this Court to give "the parties . . . an adequate opportunity to present information to the court regarding" disputed factors.[22] Permitting the Government to obtain a psychiatric examination addressing only the limited issues raised by Bararia's § 5K2.13 argument and the conclusions in his experts' reports is consistent with this provision.

Accordingly, Defendant shall submit to a psychiatric examination by an appropriate

---

[19] *Id.* at 1092 (internal citations omitted).

[20] *Id.*

[21] *See* Fed. R. Crim. Proc. 32(i)(3)(B) ("At sentencing, the court . . . must—for any . . . controverted matter—rule on the dispute . . . .").

[22] U.S.S.G. § 6A1.3(a).

mental health professional at a Federal Medical Center or another suitable facility the Government may choose. The examination shall be at the Government's expense and shall be arranged as quickly as is reasonably possible so as to avoid unnecessary delay in the completion of defendant's sentencing. The scope and purpose of the examination shall be limited to addressing the opinions and conclusions contained in the reports of Doctors Roitman and Coffey contained at Doc. 198, Exhibits H and I.

### B. Motion to Strike Sentencing Memorandum

The Government also asks the Court to strike Defendant's late-filed sentencing memorandum or alternatively continue the sentencing hearing.[23] Defense counsel admits that the memorandum was late and asks that the Court permit the 28-page memorandum to stand and simply continue the sentencing hearing to allow the government time to respond to it.[24] This approach will assist the Court in resolving the disputed, sentencing-related matters. The Court already concluded that a continuance is the fairest method to resolve this dispute, and to allow time to thoroughly consider the pending motions more fully, granted a brief continuance of the sentencing hearing to May 1, 2014.[25] At an April 10, 2014, status hearing on the pending motions, counsel for both sides raised scheduling conflicts with the May 1st date and asked the Court to reschedule the hearing to the week of May 12, 2014.[26] The Court finds that granting the parties' request to continue the sentencing hearing to the week of May 12, 2014, will also help provide the time necessary to complete the Government's psychiatric evaluation of Defendant Bararia. Accordingly, the Court denies the motion to strike the sentencing memorandum and grants the parties' alternative request to continue the sentencing hearing.

---

[23] Doc. 199.

[24] Doc. 200.

[25] *See* minute order at Doc. 204.

[26] Doc. 206 (minutes).

**Conclusion**

IT IS HEREBY ORDERED that the Government's Motion for a Psychiatric Evaluation of Defendant Bararia **[#203] is GRANTED**. Defendant shall submit to a psychiatric examination by an appropriate mental health professional at a Federal Medical Center or another suitable facility the Government may choose. The examination shall be at the Government's expense and shall be arranged as quickly as is reasonably possible so as to avoid unnecessary delay in the completion of defendant's sentencing. The scope and purpose of the examination shall be limited to addressing the opinions and conclusions contained in the reports of Doctors Roitman and Coffey contained at Doc. 198, Exhibits H and I.

IT IS FURTHER ORDERED that the Government's Motion to Strike Defendant's Sentencing memorandum **[#199] is DENIED**, but the parties' joint request to continue the sentencing hearing is GRANTED; **the sentencing hearing scheduled for 5/1/14 is VACATED and reset to 1:30 p.m. on May 13, 2014.**

Dated this 16th day of April, 2014.

_____
Jennifer A. Dorsey
United States District Court Judge