1

2

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

3

4

5

6

7

8

9

United States of America,

                    Plaintiff,

vs.

Vinay Bararia,

                    Defendant.

Case No.:2:12-cr-00236-JAD-GWF

**Order Denying Defendant's Motion for
Release Pending Execution of Sentence
Pursuant to 18 U.S.C. § 3145(c)
[Doc. 220]**

10

11

12

13

14

15

16

        Vinay Bararia has been detained since November 7, 2012, after he violated the conditions

of his pretrial release.  During the protracted period of his pretrial detention, Bararia has made

numerous requests for his release pending trial, all of which have denied.  *See, e.g.*, Docs. 55, 82,

95, 140.  On September 17, 2014, one day after I sentenced him for distribution of a controlled

substance, Bararia moved once more for release from detention until commencement of his

sentence.  Docs. 220; 221 at 1.[1]  Finding that Bararia has not provided me with an exceptional

reason for his release, I deny his motion.

17

**Background**

18

19

20

21

22

23

24

        This is not Bararia's first attempt to obtain his release from detention.  After his original

arrest,[2] Bararia surrendered his DEA certificate of registration and acknowledged that he was

"prohibited from ordering, possessing, dispensing or prescribing any controlled substances."

Doc. 5 at 3.  However, on May 2, 2012, Bararia violated that condition "by writing prescriptions

for a variety of controlled substances on behalf of several patients," and was arrested again.

Doc. 54 at 2.  Magistrate Judge Hoffman gave Bararia a second chance to comply with his

release conditions.  Docs. 13; 24; Doc. 37 at 161.  But Bararia recommenced prescribing

25

26

        [1] The government has filed a response, Doc. 222, and Bararia has filed a reply.  Doc. 223.

27

        [2] The grand jury handed down an indictment on June 26, 2012.  Doc. 28.

28

1    controlled substances the very next day—this time using other doctors' names and DEA

2    numbers.  Doc. 54.  On November 7, 2012, Magistrate Judge Hoffman found Bararia was a

3    danger to the community and revoked his pretrial release.  *Id*. at 9-11.  Bararia's subsequent

4    challenges to his continued detention proved unsuccessful.  *See, e.g.*, Docs. 55; 72; 82; 95; 101;

5    133; 177.  He has been continuously detained now since October 18, 2012.  Doc. 46.

6            On December 18, 2013, I accepted Bararia's guilty plea.  Docs. 182 (minutes); 186.  On

7    September 16, 2014, following several continuances and an evidentiary hearing, I sentenced

8    Bararia to 44 months of incarceration for distributing a controlled substance in violation of 21

9    U.S.C. §§ 841(a)(1) & (b)(1)(C).  Doc. 221.  He filed this motion the next day.  Doc. 220.

**Discussion**

10

11           Bararia asks that he be released from pretrial custody and be permitted to self-surrender

12           at

13   the federal penitentiary at which he will serve the remainder of his sentence.  Doc. 220.  He

14   notes that "technically" 18 U.S.C. § 3143 "appears to require" his continued detention because

15   the crime he was convicted of qualifies as a "crime of violence," *id*. at 4, but suggests that 18

16   U.S.C. § 3145(c) permits the court to release him because extraordinary circumstances exist: his

17   "mental health issues, his relationship with his loving and supportive family, the poor health of

18   his elderly parents, and his absolute lack of any criminal history cry out for him to have the

19   opportunity to spend time with his young children and his mother," and he "has never been

20   found to be a flight risk."  *Id*. at 5.  The government argues that release under these provisions is

21   only available to appellants who can satisfy a narrow set of conditions, and Bararia has waived

22   virtually all of his appellate rights and has not demonstrated his ability to satisfy those

23   conditions.  Doc. 222.  In reply, Bararia offers an affidavit from his wife who explains why she

24   "desperately needs Defendant home, even for just a few weeks . . . ."  Doc. 223.

25   **A.    Bararia May Access the Statutory Scheme**.

26           I first consider whether any statutory provision would permit Bararia's release if he can

27

28                                      Page 2 of  6

satisfy its conditions.  18 U.S.C. § 3145(c) provides, "A person subject to detention pursuant to section 3143(a)(2) . . ., and who meets the conditions of release set forth in section 3143(a)(1) . . ., may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate."[3]  18 U.S.C. § 3143(a) provides:

> [T]he judicial officer shall order that a person who has been found guilty of an offense and who is awaiting . . . execution of sentence . . ., be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c).  If the judicial officer makes such a finding, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c).[4]

18 U.S.C. § 3143(a)(2) requires:

> The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless--
> . . . .
> (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.[5]

Bararia's offense—distribution of a controlled substance in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(C)—falls under 18 U.S.C. § 3142(f)(1).

The government contends that because Bararia has been sentenced, he cannot rely on 3143(a), and, by extension, he does not meet the two-part conjunctive test under 3145(c).  Doc. 222 at 3.  The government's argument overlooks the fact that under 3145(c), a detained, convicted felon who is awaiting designation by the Bureau of Prisons may challenge continued detention under either (a)(1) or (a)(2).[6]  Because Bararia has been sentenced but the sentence has not yet been executed, he can seek release under 3145(c) if he can (1) demonstrate by clear and

---

[3] *Id.*

[4] *Id.*

[5] *Id.*

[6] 18 U.S.C. § 3143(a)(1)-(2).

convincing evidence that he is not likely to flee or pose a danger to any other person or the community and (2) clearly show exceptional reasons why his detention would be inappropriate.

**B.      Bararia's Reasons for Seeking Release Are Not Exceptional.**

Bararia has not demonstrated exceptional reasons for his release.  Section 3145(c) does not outline what may constitute an exceptional reason; that determination is instead entrusted to the broad discretion of the district court, which may "draw upon its broad experience with the mainsprings of human conduct" and consider the request in light of the totality of the circumstances.[7]  The Ninth Circuit notes that "exceptional" circumstances could include (1) the aberrational nature of the criminal conduct, (2) the nature of the violent act, (3) the length of the criminal sentence, (4) unusually harsh effects of incarceration, such as a serious illness or injury, (5) the exceptional unlikelihood the defendant would flee or constitute a danger to the community, or (6) an unusual degree of cooperation.[8]  "Hardships that commonly result from imprisonment," however, are not extraordinary reasons.[9]

Bararia's motion does not address all of the criteria that might justify an "extraordinary reasons" finding, and he completely ignores his own protracted history of attempts to obtain a release and the reasons those attempts failed.  Instead, he now points to his yet-untreated mental health issues, his relationship with his wife, and the poor health of his elderly parents as justifying his temporary release.  He also submits an affidavit from his wife, Bhavna Bararia, "to attest to the exceptional reasons why continued detention pending the execution of her husband's

---

[7] *United States v. Garcia*, 340 F.3d 1013, 1018 (9th Cir. 2003) (quoting *Mozes v. Mozes*, 239 F.3d 1067, 1073 (9th Cir. 2001)).

[8] *Id.* at 1019-21.  Additional exceptions exist when a criminal conviction has been appealed.  *See id.*  These exceptions are irrelevant here.  Bararia waived most of his appeal rights in his plea agreement, and the time for appeal has lapsed.

[9] *Id* at 1022.

Page 4 of  6

sentence is not appropriate." Doc. 223 at 2.[10]  Mrs. Bararia explains that if her husband is home, he will be able to watch his children, help the family move, complete his tax forms so that his daughter can obtain a scholarship, start his mental health treatment in a more "safe" environment, and meet the son who was a newborn at the time the defendant was first detained. Doc. 223 at 6-7.[11]  Even if these concerns and family obligations may prevent Bararia from being a flight risk or posing a danger to the community, they are not exceptional.  Doc. 220 at 5.

Bararia argues that "mental health issues, his relationship with his loving and supportive family, the poor health of his elderly parents, and his absolute lack of any criminal history" are the exceptional reasons that "cry out for him to have the opportunity to spend time with his young children and his mother."  *Id.*  Bararia's claim to need mental health treatment is belied by his election not to seek treatment for his "mental health issues" while in pretrial detention, despite the availability of mental health services.  His "absolute lack of any criminal history" also fails to render his circumstances exceptional.  As Judge Mahan reasoned when rejecting the notion in *United States v. Fussell* that a defendant's previously clean criminal history was a reason to permit release pending sentencing, "Doing so in this case would require that every first time offender be released pending sentencing, in contravention of the clear congressional intent of § 3143.  Being a first time offender, in this court's opinion, does not serve as an 'exceptional reason' why an individual facing at least ten years imprisonment should be released pending sentencing."[12]  I share that opinion.  And although I am sympathetic to Bararia's predicament and have compassion for his family members and the difficulties that they are undoubtedly experiencing as a result of his detention, this experience is anything but exceptional for families

---

[10] Notably, although Bararia "requests that he be released immediately under any condiction of supervised release the Court deems appropriate," Doc. 223 at 3, he never actually affirms that he will abide by those conditions.

[11] I exercise my discretion to consider Bhavna's affidavit even though it was submitted for the first time in Bararia's reply.

[12] *United States v. Fussell*, 2012 WL 15043 at *1 (D. Nev. Jan. 4, 2012).

of detainees.  In sum, the reasons Bararia offers amount only to "[h]ardships that commonly result from imprisonment," which do not justify release at this time.[13]

### C.   Bararia Has Not Shown by Clear and Convincing Evidence that he Is Not a Danger to the Community.

The absence of exceptional circumstances is compounded by Bararia's failure to demonstrate that he is no longer a danger to the community.  While Bararia's 44-month sentence may not make him a flight risk like a 10-year sentence might,[14] I cannot soon forget that when he was entrusted with pretrial release, Bararia violated his conditions on two separate occasions by engaging in the very same kind of conduct for which he was ultimately convicted.  Judge Hoffman accurately characterized this behavior as "a persistent unwillingness to abide by the Court's release conditions, a demonstrated willingness to violate the law, and a callous disregard for this Court's orders,"  Doc. 133 at 7, and Bararia has not demonstrated that anything has changed.  Thus, even assuming *arguendo* that Bararia is not a flight risk due to the length of his sentence, I lack clear and convincing evidence that he will not pose a danger to the community.

Conclusion

Accordingly, for the foregoing reasons, IT IS HEREBY ORDERED that Vinay Bararia's Motion for Release Pending Execution of Sentence Pursuant to 18 U.S.C. § 3145(c) **[Doc. 220] is DENIED**.

DATED: October 14, 2014.

_____
Jennifer A. Dorsey
United States District Court Judge

---

[13] *Garcia*, 340 F.3d at 1022.

[14] *See Fussell*, 2012 WL 15043 at *2 (denying release and reasoning, in part, "the fact remains that he is facing a mandatory minimum sentence of ten years. The incentive and motivation to flee may be too great for Mr. Fussell to overcome.").